IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL PRUETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-09-308-W |
| v. | ) |
| | ) |
| PAUL A. KASTNER, Warden, | ) |
| | ) |
| Respondent. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent, who is the warden of the Federal Transfer Center in Oklahoma City, Oklahoma, has moved to dismiss the Petition. Although the time for responding has expired, Petitioner has neither responded nor sought additional time to file a response to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be DISMISSED in part and DENIED in part as more fully explained herein.

Petitioner alleges he was convicted of an offense set forth in one of four statutes listed in the Petition, but he provides no factual details concerning the dates of his conviction or the sentence he is serving. Public records show that Petitioner was convicted in the United States District Court for the Northern District of Texas of the offense of Felon in Possession of a Firearm on November 30, 2007, and he was sentenced on April 10, 2008, to serve a 90-

month term of imprisonment. United States v. Pruett, Case No. 4:07-CR-164-O (04), Judgment, p. 1-2 (N.D. Tex. Apr. 10, 2008). Petitioner states that he is currently in custody at the Federal Transfer Center in Oklahoma City, and his Petition is identical or nearly identical to several 28 U.S.C. § 2241 petitions recently filed in this Court by federal prisoners confined at the Federal Transfer Center.[1]

A. Petitioner's Claim Challenging Denial of Admission to RDAP

By law, the U.S. Bureau of Prisons ("BOP") must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To satisfy this statutory obligation, the BOP offers various treatment programs for prisoners, including the Residential Drug Abuse Program ("RDAP") and a Non-Residential Drug Abuse Program. In his Petition, Petitioner alleges that "he is being, or has been denied [admission to the RDAP], that he qualifies for the program, and that he is under the policy guidelines for the program." He "asks this court to grant petition [sic] for his ability to be admitted to the [RDAP], and be afforded the early release under § 3621(e), as intended by [C]ongress." However, Petitioner provides no information regarding his efforts to gain admission to the RDAP or whether he

---

[1] Other cases initiated in this Court with the same "form" 28 U.S.C. § 2241 petitions include: Carter v. Warden, FCI, Case No. CIV-09-226-R, Whitmire v. Kastner, Case No. CIV-09-305-D, Moore v. Kastner, Case No. CIV-09-306-M, Griffin v. Kastner, Case No. CIV-09-307-F, Stotts v. Kastner, Case No. CIV-09-309-M, Jones v. Kastner, Case No. CIV-09-310-C, Tran v. Kastner, Case No. CIV-09-311-D, Anway v. Kastner, CIV-09-325-R, Klimek v. Kastner, Case No. CIV-09-345-D, McGill v. Kastner, Case No. CIV-09-373-D, and Suthy v. Kastner, Case No. CIV-09-466-C. In two of these cases, Moore v. Kastner, Case No. CIV-09-306-M, and Tran v. Kastner, Case No. CIV-09-311-D, United States Magistrate Judge Doyle Argo has recommended that the petitions be denied upon filing.

has exhausted administrative remedies concerning his challenge to the denial of admission to the RDAP. Petitioner states simply that "it would be futile" to exhaust administrative remedies because he would be unable to "enjoy the benifits [sic] of the program [and its] early release clause."

Petitioner's admission to the RDAP is a separate issue from the categorical exclusion provision set forth in 18 U.S.C. § 3621(e)(2)(B), which he also challenges in the Petition. Because the statute and governing regulation provide that an inmate must be found by the BOP to have "a treatable condition of substance addiction or abuse," the inmate is required to apply for admission to the RDAP. 18 U.S.C. § 3621(b). An "eligible prisoner" is defined in the statute as one "determined by the Bureau of Prisons to have a substance abuse problem." 18 U.S.C. § 3621(e)(5)(B)(i). Once an inmate is admitted to the RDAP, the determination of the inmate's eligibility for the §3621 sentence reduction is the subject of the categorical exclusion now found in 28 U.S.C. § 550.55. Petitioner has not alleged that he has applied for and been denied admission to the RDAP or that he has exhausted available administrative remedies with respect to any decision by the BOP denying him admission to the RDAP. The BOP has established a grievance procedure for inmates to follow concerning issues related to their confinement. See 28 C.F.R. §§ 542.10-542.19. Thus, the Petitioner's claim seeking admission to the RDAP should be dismissed for failure to demonstrate exhaustion of administrative remedies.

B. <u>Petitioner's APA Challenge to the BOP Regulation</u>

Petitioner alleges in the Petition that the BOP has violated Section 706(2)(a) of the

Administrative Procedure Act ("APA") by failing to set forth a valid rationale for its regulation which categorically excludes certain inmates from being eligible for early release under the BOP's RDAP. Petitioner alleges that the BOP's rule, promulgated in December 2000, narrows the class of prisoners who are eligible for early release by excluding those who have been convicted of certain offenses. Petitioner admits that he has not exhausted administrative remedies concerning this claim. Respondent contends that (1) this Court lacks jurisdiction to consider Petitioner's moot challenge to an obsolete regulation and (2) the BOP cured the procedural deficiencies in the previous regulation when it adopted a new one and therefore Petitioner's claim has no merit.

Although Petitioner admits he has failed to exhaust available administrative remedies concerning this claim, Respondent has not raised the issue of exhaustion of administrative remedies. Respondent's omission of the nonexhaustion defense is not necessarily considered an absolute waiver of the claim, and the Court may independently review the exhaustion issue. Granberry v. Greer, 481 U.S. 129, 133 (1987). On the other hand, the failure to raise an arguably meritorious nonexhaustion defense does not necessarily prevent the Court from addressing the merits of a petition. Id. at 134. See 28 U.S.C. § 2254(b)(2)(petition for writ of habeas corpus may be denied on its merits despite petitioner's failure to exhaust available state remedies). "In determining whether exhaustion [of administrative remedies] is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." McCarthy v. Madigan, 503 U.S. 140, 146 (1992). In this case, Petitioner has asserted that

requiring him to exhaust administrative remedies would be futile because he would not be able to obtain the relief he seeks in a timely manner before the expiration of his sentence. Given the fact that he is serving a 90-month sentence imposed in April 2008, this futility argument lacks merit.

However, a better futility argument can be made. The regulation being challenged by Petitioner clearly forecloses consideration for early release for inmates, like Petitioner, convicted of the offense of felonious possession of a firearm. There is a substantial likelihood, under these circumstances, that any administrative grievance challenging the BOP's regulation would be resolved adversely to Petitioner. See id. at 148 (administrative remedy may be inadequate and requiring exhaustion of that remedy futile "where the administrative body is shown to [have] predetermined the issue before it"). Thus, requiring Petitioner to exhaust administrative remedies in this case would be a futile exercise and should not be required prior to judicial review of the Petition.

The APA provides that a reviewing court must set aside a final agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-844 (1984)(regulations promulgated by agencies delegated to administer federal statutes "are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute"). Under this standard, a regulation that represents a "reasonable accommodation of conflicting policies" committed to an agency's authority by statute should not be disturbed "unless it appears from the statute or its

legislative history that the accommodation is not one that Congress would have sanctioned." United States v. Shimer, 367 U.S. 374, 382 (1961). The "orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." SEC v. Chenery Corp., 318 U.S. 80, 94 (1943). Under the APA's arbitrary and capricious standard, reviewing courts must "ascertain whether the agency examined the relevant data and articulated a rational explanation for its decision." Rapp v. U.S. Dep't of Treasury, 52 F.3d 1510, 1515 (10th Cir. 1995). Thus, "the ultimate standard of review is a narrow one[, and the] court is not empowered to substitute its judgment for that of the agency." Citizens to Preserve Overton Park, Inc. v. Volpe. 401 U.S 402, 416 (1971).

The sentence of a "prisoner convicted of a nonviolent offense" who has "successfully complet[ed] a treatment program may be reduced by the [BOP]" by up to one year. 18 U.S.C. § 3621(e)(2)(B). The statute does not define "nonviolent offense," but it clearly categorically denies early release eligibility to inmates convicted of violent offenses. Petitioner's challenge is directed to a BOP regulation, previously codified at 28 C.F.R. § 550.58, which sets forth categories of prisoners who are ineligible for early release under § 3621 after completion of the RDAP. This regulation categorically excludes from § 3621's early release provision those federal prisoners with felony convictions involving the "carrying, possession, or use of a firearm." 28 C.F.R. § 550.58(a)(1)(vi)(B)(now codified at 28 C.F.R. §550.55(b)(5)(ii)(effective Mar. 16, 2009)). Resolving a split in the circuit courts, the Supreme Court held in Lopez v. Davis, 531 U.S. 230 (2001), that the BOP has the discretion

to categorically exclude inmates whose current offense is a felony involving a firearm from the benefit of the early release provision in § 3621(e)(2)(B). Furthermore, the Court held that the final rule previously codified at 28 C.F.R. § 550.58(a)(1)(vi) was a reasonable exercise of the agency's statutory and rulemaking discretion based on its conclusion that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id. at 724.

Even assuming without finding that Petitioner has been admitted to or successfully completed the BOP's RDAP and has been denied the discretionary sentence reduction that the BOP may grant under 18 U.S.C. § 3621(e)(2)(B), Petitioner's claim is without merit.[2] Relying on a Ninth Circuit Court of Appeals' decision in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), Petitioner contends that the BOP violated the APA by promulgating a regulation which lacks a rational basis for its categorical exclusion of certain inmates from eligibility for early release under § 3621(e). In Arrington, 516 F.3d at 1116, the Ninth Circuit held that the BOP's promulgation of the 2000 version of 28 U.S.C. §550.58(a)(1)(vi)(B) was arbitrary and capricious. The court reasoned that the BOP had failed to articulate a rational basis in the administrative record for categorically excluding a

---

[2]To the extent Petitioner is alleging that he should be eligible for a § 3621 sentence reduction because his conviction is nonviolent and his offense did not involve the use or possession of firearm during the commission of a separate felony, this argument is foreclosed by the Tenth Circuit Court of Appeals' previous decision in Martin v. Rios, 472 F.3d 1206, 1207 (10th Cir. 2007)("[Petitioner] misreads Lopez insofar as he claims that it does not apply when [his] offense involved mere possession of a firearm.").

class of nonviolent offenders from eligibility for early release. Id. The panel rejected the rationales put forth by the BOP in its defense of the regulation, rejecting both the BOP's public safety rationale as a *post hoc* rationalization not found in the administrative record and rejecting the BOP's "need for uniformity" rationale, despite finding that this rationale was contained in the administrative record, because it did not adequately explain why the BOP chose a categorical exclusion rather than categorical eligibility. Id. at 1113-1114.

The regulation at issue in Arrington was adopted in December 2000, and Petitioner has recited much of the Ninth Circuit's holding in that case in his Petition. Most courts to address the same issue outside of the Ninth Circuit have declined to follow the Arrington decision. See Gatewood v. Outlaw, 560 F.3d 843 (8th Cir. 2009); Harrison v. Lamanna, 19 Fed. Appx. 342 (6th Cir. 2001)(unpublished op.), Ables v. Eichenlaub, 2009 WL 1080434 (N.D. Fla. Apr. 20, 2009)(unpublished op.)(adopting Report and Recommendation available at 2009 WL 722287); Muolo v. Quintana, 593 F.Supp.2nd 776 (W.D. Pa. 2009). See Norcutt v. Zych, 2009 WL 514083 (E.D. Mich. Mar.2, 2009)(unpublished op.); Holloway v. Eichenlaub, 2009 WL 416325 (E.D. Mich. Feb. 18, 2009)(unpublished op.); Griffin v. Federal Bureau of Prisons, 2009 WL 482352 (D.S.C. Feb. 23, 2009)(unpublished op.)(noting "[t]he Ninth Circuit's decision in Arrington has not found favor in other courts and has been severely criticized"); Gardner v. Grandolsky, 2009 WL 467848 (D.N.J. Feb. 23, 2009)(unpublished op.); Johnson v. Phillips, 2009 WL 304744 (N.D.W.Va. Feb. 6, 2009)(unpublished op.); Huerta v. Berkebile, 2009 WL 230163 (N.D. Tex. Jan. 30, 2009)(unpublished op.); Serrano v. Berkebile, 2009 WL 81017, at 2 (N.D. Tex. Jan. 9,

2009)(unpublished op.)(finding "[t]o date, no court outside the Ninth Circuit has followed Arringon," and "[m]ost courts have rejected Arrington as contrary to Lopez v. Davis"); Neal v. Grondolsky, 2008 WL 4186901 (D.N.J. Sept. 9, 2008)(unpublished op.)(finding "the Lopez decision directly controls the claim" and denying relief). In Gatewood, the Eighth Circuit found that the Supreme Court in Lopez "upheld the substantive reasonableness of both the rule and its rationale." Gatewood, 560 F.3d at 848. One court has held that by not accepting the BOP's rationale for its regulation, "the Ninth Circuit substituted its judgment for that of the agency," something that the court cannot do under the limited standard of review applicable in this context. Minotti v. Whitehead, 584 F.Supp.2nd 750, 765 (D. Md. 2008).

Respondent accurately points out that the BOP has recently adopted a new regulation, codified at 28 C.F.R. § 550.55 (effective Mar. 16, 2009).Respondent asserts that because the BOP provided a reasonable basis for its rulemaking decision when it published the new regulation, Petitioner's claim directed only toward the superceded regulation is either moot or without merit.

In support of Respondent's argument, Respondent points to the BOP's discussion of its new rule found at 74 Fed. Reg. 1892-01, 2009 WL 76657 (Jan. 14, 2009). In this administrative document, the BOP indicates that its new regulation "finalizes three proposed rules." 74 Fed. Reg. at 1893. The agency expresses its rationale for denying early release eligibility to inmates, like Petitioner, who have a felony conviction for offenses involving a firearm and states that the agency had exercised its discretion to deny such eligibility

>because commission of such offenses illustrates a readiness to endanger the public.  Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.... Further, in the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public.  There is a significant potential for violence from criminals who carry, possess or use firearms.  As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." [531 U.S.] at 240.  The Bureau adopts this reasoning.  The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity.  Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.... Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

74 Fed. Reg. at 1895.  The document clearly reflects that the previous regulation codified at 28 C.F.R. § 550.58 has been superceded by the new regulation codified at 28 C.F.R. §550.55.  The administrative record accompanying 28 C.F.R. § 550.55 obviously clarifies the agency's rationale for its decisionmaking with respect to the now-superceded regulation challenged by Petitioner.

In another 28 U.S.C. § 2241 case pending in this Court in which the same issues have been raised, United States  Magistrate Judge Argo found the petitioner's APA challenge to the BOP's categorical exclusion rule, previously codified at 28 C.F.R. § 550.58, has no merit.  In that case, Judge Argo expressly found that "the BOP has consistently sought to implement the same substantive policy ... to exclude inmates whose offenses demonstrated a potential

for violent behavior that made the inmate unsuitable for early release on public safety grounds," and even if the BOP's rule could not be upheld unless the rationale for the agency's rule appeared in the Federal Register notices "the BOP's expressed desire for uniformity and consistency is reasonable under the circumstances with which it was presented, and thus was neither arbitrary or capricious, nor an abuse of discretion." Tran v. Kastner, Case No. CIV-09-311-D (Report and Recommendation, at 14).

For the same reasons expressed in Judge Argo's Report and Recommendation, Petitioner's argument that the BOP's regulation, codified at 28 C.F.R. §550.58, violated the APA is without merit.  In Lopez, supra, the Supreme Court concluded that the former regulation, 28 C.F.R. § 550.58, was a reasonable exercise of the BOP's statutory authority, and in making this decision, the Supreme Court upheld the agency's rationale put forth for its decision to adopt this rule.  The Court's conclusion in Lopez forecloses habeas relief in this matter. Moreover, the BOP has now adopted a new regulation encompassing the categorical exclusion of prisoners, including Petitioner, with current felony convictions for offenses involving the carrying, possession, or use of a firearm. 28 C.F.R. §550.55(b)(5)(ii). The BOP has clarified its rationale for adopting this regulation in the administrative record. The rationale set forth by the BOP in the administrative record accompanying its new regulation  reflects the reasonable public safety rationale that the BOP has consistently put forth in support of its categorical exclusion.  Therefore, Petitioner's claim seeking to invalidate this regulation or its predecessor regulation is without merit, and habeas relief concerning this claim should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice in part (for failure to exhaust administrative remedies with regard to Petitioner's first claim) and DENIED in part (with respect to Petitioner's second claim). The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___July 15th___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___25th___ day of ___June___, 2009.

*signature*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE