IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUL 28 2009

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY _____ DEPUTY

| | |
|---|---|
| DANIEL PRUETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-09-308-W |
| ) | |
| PAUL A. KASTNER, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On June 25, 2009, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the Petition for Habeas Corpus ("Petition") filed by petitioner Daniel Pruett pursuant to title 28, section 2241 of the United States Code be dismissed in part and denied in part. The parties were advised of their right to object to the Supplemental Report and Recommendation, but no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Pruett's Petition. In his Petition, Pruett alleged that he "is being, or has been denied . . . [admission to the Residential Drug Abuse] [P]rogam ("RDAP"), that he qualifies for the program, and that he is under the policy guidelines for the program." Petition at 11. He has asked this Court "to grant [his] [P]etition . . . to be admitted to the [RDAP] . . . ." Id.

As Magistrate Judge Purcell found, Pruett has failed to allege "that he has applied for and been denied admission to the RDAP or that he has exhausted available administrative remedies with respect to any decision by the [Bureau of Prisons ("BOP")]

denying him admission to the RDAP." Supplemental Report and Recommendation at 3. Because Pruett has not acted in accordance, or complied, with the grievance procedure established by the BOP regarding issues related to confinement, the Court finds that Pruett has failed to exhaust his administrative remedies in connection with his claim seeking admission to the RDAP. Accordingly, this claim should be dismissed.

Pruett has also alleged that a BOP regulation, codified at 28 C.F.R. § 550.58, violates title 5, section 706(2)(a) of the United States Code because it lacks a rational basis for its categorical exclusion of certain inmates from eligibility for early release under title 18, section 3621(e)(2)(B) of the United States Code after completion of the RDAP. Under extant case law, e.g., Lopez v. Davis, 531 U.S. 230 (2001), the Court finds Pruett's challenge to section 550.58 is without merit and should be denied.

Furthermore, that particular regulation, section 550.58, has been superceded and is now codified at 28 C.F.R. § 550.55. Any challenge to this new regulation, which became effective March 16, 2009, and which categorically excludes prisoners, such as Pruett, who have current felony convictions for offenses "that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives," 28 C.F.R. § 550.55(b)(5)(ii), is likewise without merit. The BOP has provided a detailed rationale for inclusion of these particular offenders in the list of inmates who fail to qualify for early release consideration. See Exhibit 3, Notice [Doc. 15] (May 26, 2009).

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 17] issued on June 25, 2009;

(2) GRANTS the Motion to Dismiss [Doc. 14] filed on May 26, 2009, by respondent

Paul A. Kastner, to the extent stated herein;

(3) DISMISSES in part and DENIES in part Pruett's Petition file-stamped March 23, 2009; and

(4) ORDERS judgment in accordance with this Order to issue forthwith.

ENTERED this 28th day of July, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE